QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 096737)
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Telephone:  (650) 801-5000
Facsimile:   (650) 801-5100
Email: claudestern@quinnemanuel.com

QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP
  Emily C. O'Brien (Bar No. 240072)
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:  (415) 875-6600
Facsimile:   (415) 875-6700
Email: emilyobrien@quinnemanuel.com

Attorneys for Plaintiff
Corbis Corporation

SEVERSON & WERSON
  Scott J. Hyman (SBN 148709)
  Eric J. Gribbin (SBN 205877)
One Embarcadero Center, Suite 2600
San Francisco, California, 94111
Telephone:  (415) 398-3344
Facsimile:   (415) 956-0439
Email: sjh@severson.com
Email: ejg@severson.com

MICHAEL BEST & FRIEDRICH, LLP
  Michael E. Husmann (pro hac vice)
  Thomas A. Miller (pro hac vice)
  Joseph T. Miotke (pro hac vice)
100 East Wisconsin Avenue, Suite 3300
Milwaukee, Wisconsin 53202-4108
Telephone:  (414) 271-6560
Facsimile:   (414) 271-0656
Email: jtmiotke@michaelbest.com
Attorneys for Defendant
eFunds Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CORBIS CORPORATION<br><br>  Plaintiff,<br><br>v.<br><br>EFUNDS CORPORATION,<br><br>  Defendant. | **CASE NO. C 06-00673 SI**<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and upon the stipulation of the parties, good cause having been shown, the Court hereby orders that the following procedures are to be employed in this action for the protection of the parties, and others from whom information may be obtained in connection with this action, against disclosure or any improper use of confidential information produced in discovery or filed with this Court:

1. **Definition of "Confidential" and "Confidential – Attorneys' Eyes Only" Information**

This Protective Order shall be applicable to and govern without limitation, all information, things or documents (or portions thereof) produced in response to discovery requests, subpoenas, answers to interrogatories, depositions, exhibits, motions, briefs, pre-trial orders, stipulations, responses to requests for admission and all other discovery taken, and other information a party, or nonparty responding to a subpoena, reasonably and in good faith believes its competitors do not now possess, which could potentially be used to do commercial injury to the discloser and to gain competitive advantage, even if the information is not a trade secret in the traditional sense, that any real or non-party disclosing the information ("Designating Party") designates as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" which is thereafter furnished, filed or served, by or on behalf of that party in connection with the above-captioned action (this "Proceeding" or this "Litigation"). The treatment of all documents and other information so designated (collectively referred to as "Confidential Material") shall be governed by the terms of this Stipulated Protective Order.

2. **Definition of Confidential Material**

"Confidential Material" shall be interpreted to encompass any of such material that the Designating Party customarily takes steps to limit or prevent its disclosure or misuse, limited to trade secrets, proprietary technical, research, or development information; commercial, financial, budgeting and/or accounting information; information about agreements between plaintiff and any photographers it represents; information about existing potential customers, marketing and branding studies, performance and projections, business strategies, decisions and/or negotiations, and/or pricing; and confidential and proprietary information about affiliates, parents, subsidiaries,

and third parties with whom the parties to this action have had business relationships. The scope of this Protective Order shall be understood to encompass not only those items or things that are expressly designated as Confidential Material, but also all copies, photographs, excerpts, deposition testimony and written summaries thereof.

3. **Designation of Confidential Material.**

a. A real or non-party may designate as "CONFIDENTIAL" any non-public and Confidential Material which it supplies, discloses, produces, files or uses in connection with this Proceeding, which it does not wish to be disclosed to the public.

b. A real or non-party may designate as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" any non-public and Confidential Material which it supplies, discloses, produces or uses in connection with this Proceeding when it has a good faith belief that the disclosure of such material to the adverse party may have an adverse effect on the Designating Party. Information or materials designated as "Confidential – Attorneys' Eyes Only" shall be those things of a proprietary business or technical nature that might be of value to a competitor or potential customer or vendor of the party or non-party holding the proprietary rights thereto and must be protected from disclosure.

4. **Use Limitations.**

All "Confidential" or "Confidential – Attorneys' Eyes Only" information produced in the course of discovery proceedings herein shall be used only for the purpose of preparing for and conducting this Litigation (including appeals) and not for any business, research, development, or other purpose whatsoever, and shall not be given, shown, or made available or communicated or summarized in any way to anyone except persons specified in Paragraph 12 below who have read and are bound by the terms of this Protective Order.

5. **Disclosure of Information in Other Proceedings.**

If any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as "Confidential" or "Confidential – Attorneys' Eyes Only" by someone other than that party, the party shall give

1. prompt actual written notice, by hand or facsimile or overnight courier transmission, within three (3) business days of receipt of such subpoena, demand or legal process, to those who produced or designated the information or material "Confidential" or "Confidential – Attorneys' Eyes Only" and shall object to its production. Should the person seeking access to the information or material take action against the party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

6. **"Confidential" Information Produced by Non-Parties.**

This Protective Order shall apply to the parties to this Proceeding and also to any other person producing or disclosing "Confidential" or "Confidential – Attorneys' Eyes Only" information in this Proceeding who agrees or is ordered to be bound by this Protective Order. If, in the course of this action, information is sought from a non-party which would require such person to disclose and/or produce "Confidential" or "Confidential – Attorneys' Eyes Only" information, such non-parties may obtain the protections of this Protective Order by agreeing in writing to produce information pursuant to this Protective Order and to be bound by it. No further order of this Court shall be necessary to extend the protections of this Order to nonparties.

7. **Designation of "Confidential" Information.**

Any Person who produces, gives, serves, files, or otherwise provides "Confidential" or "Confidential – Attorneys' Eyes Only" information may designate such information as such under the terms of this Protective Order if it meets the definition stated in Paragraphs 1, 2 and 3 hereof.

8. **Designation of Documents.**

Documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony) may be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" (or just "Attorneys' Eyes Only") to each page of any document containing Confidential Material at the time such documents

are produced or such information is disclosed, or as soon thereafter as the party or non-party seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder.

**9.     Designation of Deposition Testimony.**

Deposition testimony may be designated in whole or in part, as ""Confidential – Attorneys' Eyes Only" Information by (i) oral designation on the record, in which case the person making the designation shall instruct the Court Reporter to bind the "Confidential" and "Confidential – Attorneys' Eyes Only" portion of the deposition transcript separately and to stamp the words "Confidential" or "Confidential – Attorneys' Eyes Only" as appropriate, on each transcript page so designated; or (ii) by written notice of such designation sent by counsel to all parties within ten (10) business days after the mailing (via overnight mail) to counsel of the transcript of the deposition. During a deposition, the deponent or his or her counsel, or any other counsel of record present at the deposition, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to be given is deemed "Confidential" or "Confidential – Attorneys' Eyes Only" The parties shall treat all deposition and other pretrial and trial testimony as "Confidential – Attorneys' Eyes Only" hereunder until the expiration of ten (10) business days after the mailing (via overnight mail) to counsel of the transcript of the deposition. Unless so designated, any confidentiality is waived after the expiration of the 10 day period unless otherwise stipulated or ordered. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court. If any document or information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

10. **Subsequent Designations.**

Documents, deposition transcripts, and other information may be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to Paragraphs 2 and 3 above, after they have been produced without having been so designated in the following manner:

    a.    Counsel for the parties to whom such documents, testimony, or other information have been disclosed must be advised in writing of the new designation;

    b.    The designation applies only as of the date and time of receipt of notice by each person notified;

    c.    Counsel for the parties receiving notice of newly designated documents, testimony or other information, shall take reasonable steps to comply with such new designation, including reasonable steps to retrieve any documents distributed inconsistently with such new designation, but shall not be responsible for any disclosure to nonparties occurring before receipt of notice described in Paragraph 10.a.; and

    d.    Counsel for the Designating Party will provide counsel for the party receiving the notice with another copy of the documents, deposition testimony, or other information that bears the designation.

11. **Protection For Electronic Images.**

This section shall apply to materials consisting of images in electronic form. The parties may produce materials consisting of images in electronic form by marking them "Electronic Images-Confidential-Attorneys' Eyes Only." Images produced in electronic form and marked "Electronic Images-Confidential-Attorneys' Eyes Only" may only be viewed on a single computer from the media upon which the image is produced and shall not be stored to the computer's hard drive or onto any other storage device. Such materials may only be viewed by persons to whom disclosure is authorized pursuant to Section 12.a. below. Images produced in electronic form and marked "Electronic Images-Confidential-Attorneys' Eyes Only" may only be reproduced for purposes of litigating this action. Any digital reproduction by defendant's counsel of images subject to Paragraph 11 for the filing of any materials with the Court in this action shall have a

watermark on each image that contains the words "Corbis Corporation v. eFunds Corporation, Case No. C 06-00673 SI" provided this watermark is included on the image as produced.

**12.    Persons to Whom Confidential Material May Be Disclosed.**

Confidential Material may be disclosed only as follows:

a.    Materials designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Protective Order, including copies thereof, extracts therefrom, compilations and/or written summaries thereof and any information therein, may be disclosed only to the following persons:

i.    Any attorney who serves as outside litigation counsel of record or co-counsel to any party to this Litigation, and all legal assistants, stenographic and clerical employees working under the supervision of such attorney;

ii.    The parties' independent expert(s) or consultant(s);

iii.    A single, in-house attorney designated for defendant and a single in-house attorney designated for plaintiff, but only to the extent that the procedure set forth in Paragraph 15, below, is followed;

iv.    Any person of whom testimony is taken, and their counsel, where such person was (1) the author or specified recipient of the designated material or is the present employee or expert witness for the Designating Party; (2) where the circumstances reasonably suggest that the witness has pre-existing knowledge of the designated material; or (3) where counsel for the Designating Party has, either before or during the deposition, approved the disclosure of such materials to that person, such approval not to be unreasonably withheld, except that such persons may not retain any such materials;

v.    The Court and court personnel in this Proceeding, including Court Reporters, in accordance with Paragraph 16 herein; and

vi.    Any person providing graphics or design services for purposes of preparing demonstrative or other exhibits in this Litigation and any jury or trial consulting services, provided that any such person(s) agrees to be bound by this Protective Order by signing a copy of the acknowledgment form attached as Exhibit A.

vii. Any person employed by a party or its counsel in a litigation support capacity to review, organize, encode, copy or retrieve documents produced in this action provided that any such person(s) agrees to be bound by this Protective Order by signing a copy of the acknowledgment form attached as Exhibit A.

viii. Any insurance examiner for any of the real parties provided that any such examiner(s) agrees to be bound by this Protective Order by signing a copy of the acknowledgment form attached as Exhibit A.

ix. Any other person as to whom the parties first agree in writing, which agreement will not be unreasonably withheld.

x. Images and photographs may be shown to any named party including any present or former employee thereof but copies of any such images may not be provided.

b. Materials designated "CONFIDENTIAL" pursuant to this Protective Order, including copies thereof, extracts therefrom, compilations and/or summaries thereof and any information therein, may be revealed to the persons designated in subparagraph 12.a., above, as well as to the following persons:

i. Any named party to the litigation, including any present or former employee thereof to whom it is necessary that the designated material be shown for purposes of the litigation;

ii. In-house attorneys for each Party, and Employees who are assisting such in-house attorneys in this litigation in filing and/or administrative duties and whose duties require access to Protected Information; and

iii. Any other person as to whom the parties first agree in writing, which agreement will not be unreasonably withheld.

13. **Limited Exceptions:**

a. Witnesses. If a document designated as "Confidential" or "Confidential – Attorneys' Eyes Only" refers to the conduct or affairs of a potential witness, the parties' attorneys may discuss such conduct or affairs with the witness.

b.     **Certain Information Not Subject to Scope of Order.** This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "Confidential" or "Confidential – Attorneys' Eyes Only," obtained lawfully by such party independently of any proceedings in this action, or which: (a) was, is, or becomes public knowledge, not in violation of this Protective Order, or (b) is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure, or (c) the receiving party can establish that the information was in its rightful and lawful possession at the time of disclosure or was developed independently by the receiving party without the use of "Confidential" Information.

**14.    Consultants.**

For purposes of Paragraph 12.a.ii. herein, an expert or consultant (collectively referred to herein as "Consultant") shall be defined as a person who is neither an employee of a party nor anticipated to become an employee of a party in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party. In no instance shall defendant or defendant's counsel of record retain a Consultant that is an employee or anticipated to become an employee of the following companies: Getty Images, Inc, Image Source Ag, Image 100 Limited, Digital Vision Ab, and Wired Image.

**15.    Designation of Single In-House Attorney**

For purposes of Paragraph 12a.iii. herein, each party in this litigation shall be entitled to designate a single, "In-House Attorney" employed by one or more of the parties to this action who shall be entitled to have access to documents designated "Confidential – Attorneys' Eyes Only." The procedure for designating the In-House Attorney shall be as follows:

a.     Before the In-House Attorney shall have access to documents designated "Confidential – Attorneys' Eyes Only," the party seeking to designate the In-House Attorney shall notify counsel for all parties of the proposed designation.

51039/1848738.1

- 8 -

STIPULATED PROTECTIVE ORDER
Case No. C 06-00673 SI

b.  Within five (5) business days after mailing (via overnight delivery or via e-mail) of the information and signed undertaking described in subparagraph 15.a., any party may object to the person proposed for approval if facts available to that party give it reason to believe there is a reasonable likelihood that the designated person may use information designated "Confidential" or "Confidential – Attorneys' Eyes Only" for purposes other than related to this Litigation ("Notice of Objection") or for any other improper purpose. The Notice of Objection shall set forth the reasons for objecting to the designated person. Failure to object within five (5) business days to a person proposed shall (unless agreed to the contrary) be deemed approval, but shall not preclude a party from objecting to continued access of "Confidential" or "Confidential – Attorneys' Eyes Only" information by a person where facts suggesting a good faith basis for objecting are subsequently learned by the party or its counsel.

c.  If a party so objects, the requesting and objecting parties shall within five (5) business days from the date of the receipt of the Notice of Objection, confer and attempt to resolve the dispute ("Objection Conference"). If the parties cannot resolve the dispute, or if the conference does not take place, then, within five (5) business days from the date of receipt of the Notice of Objection, the objecting party may move the Court for an order that access to information designated "Confidential" or "Confidential – Attorneys' Eyes Only" be denied to the designated person. While this motion is pending, the In-House Attorney will be denied access to the designated material. These time periods are not to restrict a party from moving for a court order earlier if the circumstances so require. Failure to file a motion within this period shall constitute waiver of the specific objection discussed in the Notice of Objection and/or the Objecting Conference, but shall not preclude a party from objecting to continued access of "Confidential" or "Confidential – Attorneys' Eyes Only" information by a person where facts suggesting a good faith basis for objecting are subsequently learned by the party or its counsel.

d.  Once designated and approved according to the above procedures, the In-House Attorney shall be entitled to have access to all materials designated as "Confidential – Attorneys' Eyes Only," but shall not be entitled to share, disclose, or discuss such documents with any other individual or entity, *including in-house litigation support staff.*

16. **Court Filings and Proceedings Involving "Confidential" Information.**

Documents, interrogatory responses, responses to requests for admission, depositions transcripts, or other information or material designated as "Confidential" or "Confidential – Attorneys' Eyes Only," where filed with the pleadings or as evidence, shall be delivered sealed to the Clerk of the Court and shall not be available for public inspection. Pleadings, memoranda or other papers containing information or material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall also be filed in sealed envelopes marked with the case name and number of this action, the title of the paper which contains the information or material designated as "Confidential" or "Confidential – Attorneys' Eyes Only," and a statement substantially in the following form:

> [CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY] UNDER PROTECTIVE ORDER
> THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE COURT.
>
> THIS ENVELOPE IS NOT TO BE OPENED NOR ARE THE CONTENTS TO BE EXAMINED, DISPLAYED, REVEALED, OR COPIED EXCEPT IN COMPLIANCE WITH THE PROTECTIVE ORDER

a. This Protective Order shall not apply to trial in this matter. However, nothing in this Protective Order precludes the parties from seeking entry of a Protective Order to govern the presentation of evidence at trial in this matter.

b. Any document or transcript designated as "Confidential Pursuant to Court Order," "Confidential" or "Confidential – Attorneys' Eyes Only," which is lodged or filed with the Court, shall be maintained under seal by the Clerk and shall be made available only to the Court and counsel for the parties, until further order of this Court.

17. **Resolution of Disputes.**

Whenever a party objects to the classification of a document or transcript as "Confidential" or "Confidential – Attorneys' Eyes Only," as defined in Paragraphs 1, 2 and 3 herein, it shall, in writing so inform the Designating Party. Once informed of an allegedly improper designation, the Designating Party has seven (7) business days to respond and provide its bases for the asserted designation. The parties must thereafter conduct a good faith conference to discuss the continued

validity of the asserted designation within five (5) business days after the bases for the continued asserted designations are served. To the extent the parties are unable to reach an agreement as to the designation, the Designating Party may make an appropriate application to this Court within seven (7) business days after conferring with the objecting party or, if the required conference between the parties does not take place, within twelve (12) business days after the bases for the continued asserted designations are served, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be afforded treatment under the provisions of this Protective Order. Upon such application, the party asserting confidentiality bears the burden to establish that the designated material fits the definition of Confidential Material set forth in paragraphs 1, 2, and 3 of this Protective Order. Until the Court enters an order changing the designation of the document or transcript which is to be the subject of the application, it shall be afforded the "Confidential" or "Confidential – Attorneys' Eyes Only" treatment described in Paragraph 12 herein.

18. **Disposition of Confidential Material Following Conclusion of Litigation.**

Subject to paragraph 16.a, the provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this Proceeding, including any appeals therefrom. Within thirty (30) days after termination of this Litigation and the expiration of time for all appeals, all originals and copies of a Party's Confidential Material (except as set forth in 18.a. below) shall be returned to counsel for the respective party that produced such Confidential Material, and any copies of electronic files transferred onto a computer hard drive will be erased. All extracts from Confidential Material, summaries and compilations thereof, and all written, graphic, and recorded versions of information therein, shall be destroyed by each recipient of the material and a certificate of their destruction will be provided to the Designating Party. The termination of proceedings in this action shall not thereafter relieve the Parties from the obligation to maintain the confidentiality of all Confidential Material received pursuant to this Stipulated Protective Order. Any Confidential Materials received from non-parties will be returned to such non-parties

or certified to have been destroyed by the receiving parties within thirty (30) days after termination of this Litigation and the expiration of time for all appeals.

a. Outside Counsel described in Paragraph 12.a. above shall be entitled to retain one set of "Confidential" or "Confidential – Attorneys' Eyes Only" materials as well as "Confidential" or "Confidential – Attorneys' Eyes Only" pleadings, correspondence, discovery requests and responses, deposition transcripts of its own client's witnesses, trial transcripts and exhibits, and attorney work product, provided that such counsel and employees of such counsel not disclose any such information and material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" contained in such pleadings, correspondence, discovery requests and responses, transcripts and exhibits, or attorney work product to any person or entity except pursuant to a written agreement with the producing party of the information or material or unless compelled to do so by law.

b. All materials returned to the parties or their counsel by the Court likewise shall be disposed of or retained in accordance with this paragraph.

**19. Continuing Obligation/Retention of Jurisdiction.**

This Order shall continue to be binding after the conclusion of this litigation, and the Court shall retain limited jurisdiction over the parties hereto for purposes of enforcing any obligations imposed hereby.

**20. Use in Court.**

In the event any information or material designated as "Confidential" or "Confidential-Attorneys' Eyes Only" hereunder is used in court proceedings (other than trial) in this action, including any appeal therefrom, such information or material shall not lose its status as "Confidential" or "Confidential-Attorneys' Eyes Only" through such use. Nothing contained herein shall be deemed to apply to the trial in this action. Nothing in this Protective Order shall preclude the parties from seeking a Protective Order to govern the presentation of evidence at trial or any other proceedings before the Court in this action.

21. **Acknowledgment of Jurisdiction.**

All counsel for the parties who have access to information or material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" under this Protective Order acknowledge they are bound by this Order to submit to the jurisdiction of this Court for purposes of enforcing this Order.

22. **Non-parties.**

In the event information in the possession or control of a party involves the confidentiality rights of a nonparty, or its disclosure would violate a Protective Order issued in another action, the party with possession or control of the information will attempt to obtain the consent of the nonparty to disclose the information under this Order. If the consent of the nonparty cannot be obtained, the party will notify the party seeking discovery of (a) the existence of the information without producing such information; and (b) the identity of the nonparty (provided, however, that such disclosure of the identify of the nonparty does not violate any confidentiality obligations). The party seeking discovery may then make further application to the nonparty or seek other means to obtain such information.

23. **Inspection of Documents.**

To facilitate the inspection of large volumes of documents without the need to first affix a designation to the face of each, the producing party may, at its option, permit counsel for the receiving party to initially inspect the documents for the purpose of designating those to be copied, and the producing party need only thereafter affix said designation to the copies of the documents designated to be copied. In this event, the receiving party will treat any information gleaned in its initial inspection, which is not contained in the copied documents, as being designated "Confidential" or "Confidential – Attorneys' Eyes Only."

24. **Inadvertent Production of Materials to Unauthorized Non-parties.**

Should any information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" be disclosed, through inadvertence or otherwise, to any person not authorized to receive same under this Order, then the disclosing party shall use its best efforts to bind such person to the terms of this Order. Specifically, the disclosing party shall (a) promptly inform such person of all

the provisions of this Order; (b) identify such person immediately to the Designating Party; and (c) request such person to sign the agreement in the form attached hereto as "Exhibit A." The executed agreement shall be promptly served by overnight mail upon the Designating Party.

25.  **Inadvertent Production of Privileged Documents.**

If a party inadvertently produces a document that it later discovers to be a privileged document, the production of that document shall not be deemed to constitute the waiver of any applicable privileges. In such circumstances, the producing party must promptly notify the receiving party of the inadvertent production, and request the return or confirmed destruction of the privileged materials. Within five (5) days of receiving such notification, the receiving party shall return or confirm destruction of all such materials, including any summaries thereof. Such return or confirmation of destruction shall not preclude the receiving party from seeking to compel production of the materials for reasons other than its inadvertent production.

26.  **Scope.**

The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

27.  **No Admission.**

Adherence to this Protective Order in no way constitutes an admission by any party that any information provided in this litigation and not subject to this Protective Order is not proprietary or confidential.

28.  **No Relinquishment of Rights.**

This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person, nor obligate any party or person to provide any discovery to which it asserts objections.

29.  **No Preclusion of Additional Rights.**

Nothing in the foregoing provisions of this Stipulated Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of these proceedings or specific documents or

- 14 -   STIPULATED PROTECTIVE ORDER
Case No. C 06-00673 SI

1  testimony as that party may deem appropriate, including but not limited to restrictions on public
2  disclosure or disclosure to competitors.
3  **30. Modification.**
4  It is the present intention of the parties that the provisions of this Protective Order shall
5  govern discovery and other pretrial proceedings in this action. Nonetheless, each of the parties
6  hereto shall be entitled to seek modification of this Protective Order by application to the Court on
7  notice to the other party hereto for good cause. In the event such an application is made, all
8  persons described herein shall be bound by this Protective Order until it is modified by the Court.
9  The undersigned counsel for parties agree to be bound by the terms and conditions of this
10 Protective Order.

DATED: ~~April~~ May 25, 2006       QUINN EMANUEL URQUHART
                                     OLIVER & HEDGES, LLP

                                     By _Emily C O'Brien_
                                        Emily C. O'Brien

                                     Attorneys for Plaintiff
                                     Corbis Corporation

DATED: ~~April~~ May 24, 2006       MICHAEL BEST & FRIEDRICH LLP

                                     By _Joseph T. Miotke_
                                        Joseph T. Miotke

                                     Attorneys for Defendant
                                     eFunds Corporation

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____

_____
Honorable Susan Illston
United States District Judge

EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CORBIS CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>EFUNDS CORPORATION,<br><br>    Defendant. | Case No. C 06-00673 SI<br><br>declaration and undertaking of |

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____

_____

_____.

4. I have received a copy of the Stipulated Protective Order entered in the above-captioned action signed by the Honorable Susan Illston on _____, 2006.

5. I have carefully read and understand the provisions of the Stipulated Protective Order.

6. I will comply with and agree to be bound by all of the provisions of the Stipulated Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of the above-captioned action, any "Confidential" and/or "Confidential -- Attorneys' Eyes Only" information which is disclosed to me.

8. I will return all "Confidential" and/or "Confidential Attorneys' Eyes Only" information which comes into my possession, and documents or things which I have prepared relating thereto, to counsel for the Party by whom I am retained.

9. I understand and acknowledge that violation of this Undertaking or the Stipulated Protective Order may be punishable by Contempt of Court. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in the above-captioned action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ day of _____, 200__ in _____.

_____